IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STRECK, INC., | |
| Plaintiff, | 8:17-CV-494 |
| vs. | MEMORANDUM AND ORDER |
| STEVEN RYAN, et al., | |
| Defendants. | |

The plaintiff in this case is Streck, Inc., a Nebraska corporation that manufactures clinical and research laboratory products. The defendants are Barry Uphoff, Steven Ryan ("Steven"), and Carol Ryan ("Carol"). Uphoff and Steven are former members of Streck's board of directors. Carol is the trustee of the irrevocable trust of Streck's founder, Dr. Wayne Ryan.

Streck has sued the defendants for their alleged roles in forming a competing company called CFGenome. Each defendant has filed a partial motion to dismiss under Fed. R. Civ. P. 12(b)(6). Filing 16; filing 18; filing 20. For the reasons discussed below, Uphoff's and Steven's motions will be denied in their entirety. Carol's motion will be granted in part, and denied in part.

BACKGROUND

The plaintiff's allegations are briefly summarized as follows. Streck was founded by Dr. Wayne Ryan in 1982, and is now a "world leader in cell and biological sample stabilization technology." Filing 1 at 2. From its inception, Streck has managed its corporate affairs (at least in part) through its board of directors. *See* filing 1 at 2-3. According to Streck, members of its board receive "certain confidential information in order to assist in their decision-making responsibilities[.]" Filing 1 at 3.

Uphoff was a member of Streck's board of directors from 2007 to 2015. Filing 1 at 5-6. Steven was a member from 2014 to 2016. Filing 1 at 5-6. By accepting those positions, Uphoff and Steven were allegedly "bound by explicit duties of confidentiality" which, pursuant to Streck's bylaws, prohibited them from disclosing the company's proprietary information. Filing 1 at 3. Uphoff and Steven were also required to "exercise a reasonable duty of care" to protect Streck's confidential information. Filing 1 at 3.

According to Streck, Uphoff and Steven breached their duties of confidentiality in separate, yet related ways. Specifically, Streck alleges that Steven, throughout his tenure on the board, solicited (and received) confidential information regarding Streck's product groups, including its "blood collection tube business and sales." Filing 1 at 5-6. After 2 years of receiving that information, Steven allegedly resigned from the board and began working for Streck's competitor, CFGenome (which, as noted below, was started by Streck's original founder, Dr. Wayne Ryan). Filing 1 at 6. Steven is allegedly using Streck's proprietary information to benefit CFGenome and its employees. Filing 1 at 7.

Streck's allegations against Uphoff relate more to the formation of CFGenome than its current operation. Streck claims that Uphoff, while a member of its board, was aware of Dr. Wayne Ryan's "secret" plan to create CFGenome to directly compete with Streck. Filing 1 at 8. Rather than informing the board of Dr. Ryan's intentions, Streck says that Uphoff "secretly assisted" Dr. Ryan and "encouraged" him to take certain actions that made CFGenome's formation possible. Filing 1 at 8.

Streck has also sued Carol Ryan in her role as trustee of Dr. Wayne Ryan's irrevocable trust. Streck claims that Carol provided Uphoff and Steven 10,000 shares of Streck stock as "compensation for their participation in the

scheme to damage Streck[.]" Filing 1 at 10. Streck also alleges that Carol knew about, and participated in, Uphoff's and Steven's alleged conduct by (1) intentionally thwarting Streck's 2014 plan to sell the company; and (2) encouraging Dr. Ryan to form CFGenome. Filing 1 at 10.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, *Gallagher v. City of Clayton,* 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## DISCUSSION

Streck's complaint includes 5 separately-pled claims for relief: (1) breach of fiduciary duty (against all defendants); (2) breach of contract (against Steven and Uphoff only); (3) misappropriation of corporate opportunity (against all defendants); (4) intentional interference with prospective advantage (against Uphoff and Carol only); and (5) declaratory relief. Filing 1 at 11-14. Streck's breach of contract claim is the only cause of action not at issue here.

1. BREACH OF FIDUCIARY DUTY & MISAPPROPRIATION OF CORPORATE OPPORTUNITIES

Streck has sued each defendant for breach of fiduciary duty and misappropriation of corporate opportunities. Filing 1 at 11-12. Both claims derive from the same general allegation: that the defendants breached fiduciary duties owed to Streck (or "knowingly participated" in such breaches) resulting in lost profits and opportunities. Filing 1 at 10-13. Uphoff and Carol move to dismiss these claims under Rule 12(b)(6). Filing 19 at 4; filing 17 at 3.

(a) Uphoff

Uphoff argues that Streck's breach of fiduciary duty and misappropriation claims are barred by Nebraska's statute of limitations for professional negligence. Filing 19 at 4. That statute provides that an action to "recover damages based on alleged professional negligence . . . in rendering or failure to render professional services shall be commenced within two years [] after the alleged act or omission[.]" Neb. Rev. Stat. § 25-222.

Streck argues that Nebraska's professional negligence statute does not apply to this dispute, and that its 2-year limitation period is therefore inapplicable. To support that argument, Streck notes that Uphoff, as a member of its board of directors, was not performing "professional acts" as defined under Nebraska law. Filing 26 at 6. Uphoff disagrees with that interpretation, arguing that the statute applies *anytime* a plaintiff alleges a "lack of skill or fidelity in the performance . . . of fiduciary duties." Filing 30 at 2. And because Streck alleges that here, Uphoff urges dismissal as a matter of law.

Uphoff's argument is without merit. Indeed, as the Nebraska Supreme Court has repeatedly articulated, the state's professional negligence statute applies only when the defendant "is a professional and was acting in a professional capacity in rendering the services upon which the claim is based."

*Churchill v. Columbus Cmty. Hosp., Inc.,* 830 N.W.2d 53, 56 (Neb. 2013); *see* *Bixenmann v. Dickinson Land Surveyors,* 882 N.W.2d 910 (Neb. 2016); *Reinke Mfg. Co. v. Hayes,* 590 N.W.2d 380, 388 (Neb. 1999); *Jorgensen v. State Nat. Bank & Tr. Co.,* 583 N.W.2d 331, 334 (Neb. 1998). As applied to this case, that would require a showing that (1) Uphoff was acting as a "professional" in his capacity as a member of Streck's board of directors, and (2) the activity causing Streck's alleged injuries was part of Uphoff's professional services. *Churchill,* 830 N.W. 2d at 56. Uphoff argues neither point here,[1] and his motion to dismiss will therefore be denied.

(b) Carol

Streck asserts the same fiduciary duty claims against Carol, but under a slightly different theory. Unlike Uphoff and Steve, Streck does not allege that Carol owed a fiduciary duty to the company. Rather, Streck claims that Carol "knew that [Steven] and Uphoff . . . owed fiduciary duties to Streck" and "knowingly participated" in the alleged breaches thereof. *See* filing 1 at 11. Carol moves to dismiss Streck's fiduciary duty claims, arguing that they are not recognized under Nebraska law. Filing 32 at 2.

Streck acknowledges that Nebraska courts have not, to date, recognized a cause of action for "knowing participation" in a breach of a fiduciary duty.

---

[1] In any event, the Court doubts that a member of a board of directors is a "professional" for purposes of the statute. Indeed, the Nebraska Supreme Court has defined a "professional act" as one arising out of a vocation, calling, occupation, or employment involving specialized knowledge which is attained from often long and intensive preparation and instruction in skills and methods and the scientific, historical, and scholarly principles underlying such skills and methods. *Reinke,* 590 N.W.2d at 388. There is no indication (and certainly no argument) that Streck board members must possess a certain degree of "specialized knowledge" attained from "long and intensive preparation and instruction." *Id.*

But, it notes, the Nebraska Supreme Court has "favorably" cited the Second Circuit's decision in *Whitney v. Citibank, N.A.*, 782 F.2d 1106, 115 (2d Cir. 1986). And in *Whitney*, the Second Circuit discussed the viability of such claims under New York law. Filing 27 at 6. So, Streck argues, Nebraska courts would likely recognize the claim as well. Filing 27 at 6.

But as Streck later concedes, the Nebraska Supreme Court cited *Whitney* for a proposition on damages, not on the viability of "knowing participation" claims. *See Trieweiler v. Sears*, 689 N.W.2d 807, 842 (2004). And Streck has provided no additional state-specific authority (and the Court has found none) to support its position. To the contrary, the Nebraska Supreme Court has repeatedly emphasized that, to prevail on a breach of a fiduciary duty or misappropriation of corporate opportunity claim, the plaintiff must allege and prove the existence of a fiduciary duty. *See McFadden Ranch, Inc. v. McFadden*, 807 N.W.2d 785, 790 (Neb. 2011); *Gonzalez v. Union Pacific R.R. Co.*, 803 N.W.2d 424, 446 (Neb. 2011). Streck makes no such allegations here (as it pertains to Carol), and its claims against her will therefore be dismissed.

2. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ADVANTAGE

Streck has sued each defendant for intentional interference with prospective advantage. That claim stems from a 2014 sales process in which Streck "attempt[ed] to find a purchaser to purchase Streck." Filing 1 at 7. At some point during that process, Streck says that Dr. Wayne Ryan—at the encouragement of Carol and Uphoff—abruptly terminated the sales process. Filing 1 at 8, 13. As a result, Streck claims that it was a deprived of a business expectancy (*i.e.*, a purchaser of its business) "with the probability of future economic benefit[.]" Filing 1 at 13.

To prevail on its claim, Streck must establish (1) the existence of a valid business relationship or expectancy, (2) knowledge by the interferer of the

relationship or expectancy, (3) an unjustified intentional act of interference on the part of the interferer, (4) proof that the interference caused the harm sustained, and (5) damage to the party whose relationship or expectancy was disrupted. *Steinhausen v. HomeServices of Neb., Inc.*, 857 N.W.2d 816, 831 (Neb. 2015). Carol and Uphoff move to dismiss the claim at step one, arguing that Streck has not alleged a valid business relationship or expectancy. Filing 17 at 5; filing 19 at 7. That argument is based on the absence of any allegation that Streck would have sold its business but-for the defendants' alleged interference. *See* filing 17 at 5; filing 19 at 7.

Although Nebraska law is not fully developed on this point, it is true that proving a business expectancy "valid" will generally require proof that there was a reasonable likelihood or probability of a business relationship. *Infogroup, Inc. v. DatabaseLLC*, 95 F. Supp. 3d 1170, 1196 (D. Neb. 2015); *see, e.g., Lucas v. Monroe Cty.*, 203 F.3d 964, 978 (6th Cir. 2000) (applying Michigan law); *Gieseke ex rel. Diversified Water Diversion, Inc. v. IDCA, Inc.*, 844 N.W.2d 210, 221-22 (Minn. 2014). And this may require proof of a potential relationship with a particular party, or at least a class of parties. *Infogroup*, 95 F. Supp. 3d at 1196; *see Lucas*, 203 F.3d at 978; *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 (11th Cir. 1999) (applying Florida law); *Gieseke*, 844 N.W.2d at 222. But this case is at the pleading stage, not the proving stage. The Court finds that Streck's pleading sufficiently alleges the existence of a business expectancy which may have been diverted by a wrongful act of Carol, Uphoff, or both. Accordingly, the motions to dismiss on these grounds will be denied.

### 3. DECLARATORY RELIEF

As alluded to above, Streck alleges that Carol transferred 10,000 shares of Streck stock from Dr. Ryan's trust to herself, Uphoff, and Steven as

"compensation" for their "participation in the scheme to damage Streck[.]" Filing 1 at 10. Streck seeks a declaration that the stock was "wrongfully transferred for no consideration [and] . . . was wrongful and occurred while Uphoff was breaching his fiduciary duties[.]" Filing 1 at 14. Each defendant moves to dismiss the claim.

The defendants' specific arguments for dismissal are not entirely clear from the briefs. The defendants appear to suggest that the claim "serves no useful purpose," filing 17 at 6, and that Streck has not sufficiently alleged an injury resulting from the defendants' alleged conduct. *See* filing 19 at 9. Streck resists that characterization, arguing that the stock transfer (which it describes as a "kickback") negatively influenced members of its board "at the expense or detriment" of the company. Filing 25 at 2-3. The Court finds those allegations sufficient, at least at this early stage of the proceedings, to overcome the defendants' motions. Accordingly, the defendants' motions to dismiss this claim will be denied.

## CONCLUSION

Therefore, Steven's and Uphoff's motions for partial dismissal (filing 18; filing 20) will be denied. Carol's motion will be granted in part, and denied in part, as set forth above.

IT IS ORDERED:

1. Carol Ryan's motion to dismiss (filing 16) is granted in part, and denied in part. Specifically, Streck's claims against Carol for breach of fiduciary duty and misappropriation of corporate opportunity are dismissed.

2. Barry Uphoff's motion to dismiss (filing 18) is denied.

3. Steven Ryan's motion to dismiss (filing 20) is denied.

4. This matter is referred to the Magistrate Judge for case progression.

Dated this 11th day of July, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge