IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STRECK, INC., a Nebraska Corporation, | |
| Plaintiff, | 8:17-CV-494 |
| vs. | MEMORANDUM AND ORDER |
| STEVEN RYAN, et al., | |
| Defendants. | |

This matter is before the Court on the plaintiff's objection (filing 148) to the Magistrate Judge's findings and recommendations (filing 147) that the plaintiff's motion (filing 132) for leave to file an amended complaint be granted in part and denied in part. The Court will overrule the plaintiff's objection and adopt the Magistrate Judge's recommendations.

STANDARD OF REVIEW

To begin with, the parties disagree about the appropriate standard of review for this Court to apply to the Magistrate Judge's findings and recommendation. A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States,* 484 F.3d 1068, 1076 (8th Cir. 2007). The district judge's review of dispositive matters, however, is *de novo*, which requires the judge to consider the record which was developed before the magistrate and make its own determination on the basis of that record, without being bound to adopt to accept the findings and conclusions of the magistrate. *United States v. Portmann,* 207 F.3d 1032, 1033 (8th Cir. 2000); *see United States v. Raddatz,*

447 U.S. 667, 676 (1980); *United States v. Juvenile Male*, 889 F.3d 450, 454 (8th Cir. 2018).

Here, the plaintiff argues for *de novo* review. Filing 149 at 12. The defendants, however, insist that the Court's review is more deferential, because the underlying motion at issue is a motion for leave to file an amended complaint, which a Magistrate Judge can rule upon. Filing 152 at 1-4 (citing § 636(b)(1)(A)). But the plaintiff has the better argument here, because what's being reviewed isn't an *order* from the Magistrate Judge—rather, the Magistrate Judge issued findings and recommendations to the district judge, rather than granting or denying the plaintiff's motion herself. In other words, the undersigned district judge will be the first to actually *decide* the plaintiff's motion, meaning the Court's review of the Magistrate Judge's recommendations is necessarily *de novo*. *See* § 636(b)(1) (a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

## CIVIL CONSPIRACY

The primary issue joined by the parties concerns the Magistrate Judge's finding that the plaintiff had not, to this point, pled a separate claim for civil conspiracy—and, in fact, *still* didn't plead a civil conspiracy claim in the proposed amended complaint. Filing 147 at 13-18. That leaves the parties *and* the Magistrate Judge at odds: The plaintiff insists it pled civil conspiracy in both its operative complaint and proposed amended complaint, the Magistrate Judge found it did neither, and the defendants have suggested that the plaintiff didn't plead civil conspiracy in its initial claim but was at least trying to do so in the proposed amended complaint (although the defendants' response to the plaintiff's objection was, given the Magistrate Judge's findings, somewhat agnostic on that point). *See* filing 152 at 6-11.

The Court agrees with the Magistrate Judge that the plaintiff's purported civil conspiracy claim is a non-starter—it wasn't raised until well after the deadline for amending pleadings was past, and the plaintiff hasn't shown good cause for leave to file it out of time. *See Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003). The Court is not persuaded by the plaintiff's attempts to gin up a preexisting civil conspiracy claim out of its factual allegations of cooperation among the defendants.

A simple example will illustrate the point: Perhaps the most common type of case on the Court's docket is a criminal case for possession or distribution of controlled substances. Almost invariably, such cases involve a conspiracy—there aren't many sole practitioners in the drug trade. But that doesn't mean every case is *charged* as a conspiracy—often, the charge is simply against a particular defendant for possession or distribution of a controlled substance. It's still not uncommon for co-conspirators to testify in such cases, or even for the conspiracy to be indirectly at issue when the government lays foundation for the admission of co-conspirator statements under the definitional exclusion of such statements from the rule against hearsay. But that doesn't mean the defendant has been formally charged with conspiracy.

Obviously, a civil conspiracy is a different thing—the point is simply that allegations of concerted actions by defendants, and even allegations suggesting that people may have been conspiring, don't necessarily mean that a defendant should be on notice that a conspiracy claim is being formally asserted as a basis for liability. Under Nebraska law, a civil conspiracy is a combination of two or more persons to accomplish by concerted action an unlawful or oppressive object, or a lawful object by unlawful or oppressive means. *George Clift Enters., Inc. v. Oshkosh Feedyard Corp.*, 947 N.W.2d 510, 537 (Neb. 2020). It requires the plaintiff to establish that the defendants had an expressed or implied

agreement to commit an unlawful or oppressive act that constitutes a tort against the plaintiff. *Id.* But that's not the only way to impose joint and several liability on a tortfeasor—joint tortfeasors may be subject to joint and several liability, as may a party who aided and abetted a tort. *See [KD v. Douglas Cnty. Sch. Dist. No. 001](#)*, [1 F.4th 591, 600-01 (8th Cir.)](#), *cert. denied,* [142 S. Ct. 485 (2021)](#).[1] There is simply no legal basis for the plaintiff's implication that allegations of defendants acting together—whether found in a pleading or suggested through discovery—provide sufficient notice to the defendants that a civil conspiracy claim is on the table.[2]

What that means for the plaintiff's proposed amended complaint is less clear, however—given the Court's conclusion that a civil conspiracy claim hasn't been pled, it's not obvious that the plaintiff would be precluded from filing an amended complaint consistent with its proposal. Except, of course, for the plaintiff's insistence that the proposed amended complaint *does* plead a civil conspiracy claim. The Court doesn't agree, but the plaintiff's argument suggests that permitting its self-professed conspiracy allegations would only

---

[1] The plaintiff's assertion that joint and several liability "can occur only if there is a claim for civil conspiracy," [filing 149 at 23](#), is simply incorrect, *see id.*

[2] The plaintiff also acknowledges it clearly set apart 5 distinct claims in its initial complaint, and that civil conspiracy wasn't among them, but insists that "'headings' are included to make a pleading more understandable" and "do not contain substantive allegations." Where a party does go out of its way to clearly identify its separate claims for relief, however, it would hardly be fair for the Court to permit "stealth" claims to hide among them. The Court is aware, of course, that it is the facts well pleaded, not the theory of recovery or legal conclusions, that state a cause of action and place a party on notice. *See [Hopkins v. Saunders,](#)* [199 F.3d 968, 973 (8th Cir. 1999)](#). But the plaintiff is not a *pro se* party whose pleadings require liberal construction, and given the admirable clarity with which the plaintiff pled its theories of recovery, any reasonable defendant would read that list as exclusive.

mean fighting about them again later. So, the Court will end the fight now: Given that the plaintiff has identified no purpose for its additional "conspiracy" allegations other than to impermissibly assert a belated civil conspiracy claim, the plaintiff will not be permitted to allege them.

PREJUDGMENT INTEREST

The Magistrate Judge recommended that the plaintiff be permitted to plead for "prejudgment interest awarded in the shareholder oppression action because that case would not have been filed absent [the defendants'] interference with the sale of [the plaintiff,]" but should not be permitted to plead for recovery of "prejudgment interest which accrued in the shareholder oppression action due to delays in that case caused by Defendants' misconduct." Filing 147 at 25. The plaintiff clearly objected to the second recommendation. *See* filing 148 at 3.

What's less clear is the basis. The Magistrate Judge concluded that the factual allegations in the proposed amended complaint were insufficient—that the plaintiff's "causation allegation is conclusory" and that the plaintiff "has failed to sufficiently allege a claim to recover prejudgment interest for delaying the trial and resolution of the shareholder oppression proceedings." Filing 147 at 23. The plaintiff's brief doesn't, as the Court reads it, disagree with that finding. *See* filing 149 at 28-29. Instead, the plaintiff simply explains *why* its complaint was insufficient. Filing 149 at 28. So, the plaintiff promises, it

> fully intends to set forth this factual detail with specificity. However, to allow the issues raised in [the plaintiff's] Objections to be ruled upon, [the plaintiff] has filed a Motion to Stay the deadline for the filing of the more specific Amended Complaint until such time as the Objections have been ruled upon.

- 5 -

Filing 149 at 28-29.

The Court honestly doesn't know what to do about that—the plaintiff has identified no error in the Magistrate Judge's conclusion, and instead seems to ask the Court to permit the filing of a hypothetical amended complaint that doesn't exist yet, but that the plaintiff promises will be better. That's not how this is supposed to work, but the Court also is loathe to restart the process of demanding a proposed amended complaint before conferring leave to file it.

The fact that the issue is prejudgment interest, however, leaves some play in the joints for the Court—whether prejudgment interest should actually be awarded is far down the line, and perhaps a question that need not be fully joined until after an award at trial.[3] The Court agrees with the Magistrate Judge that the allegations found in the proposed amended complaint were insufficient, as the plaintiff hasn't argued otherwise. The plaintiff may, however, try to allege its basis for prejudgment interest, without prejudice to any later determination the Court may make regarding the sufficiency of that claim.

CONCLUSION

The Court would be within its discretion to demand another proposed amended complaint, given the deficiencies of the plaintiff's current one—but the Court is inclined to avoid the intermediate step of trying to vet another proposed amended complaint when the parties seem to agree that an amended complaint of *some* form is inevitable. None of that, of course, writes a blank check to the plaintiff to file an amended complaint taking whatever form it

---

[3] Or perhaps earlier, at the summary judgment stage or a jury instruction conference. The Court doesn't intend to foreclose issues being addressed as they arise—it's simply to note that no *final* decision on the propriety of any prejudgment interest seems immediately necessary.

wishes—the plaintiff is expected to file an amended complaint along the lines contemplated by the Magistrate Judge's findings and recommendation, as incorporated and adopted in this memorandum and order. And nothing here precludes the defendants from asserting, by appropriate motion, any arguments they may have with respect to the amended complaint.[4]

IT IS ORDERED:

1. The plaintiff's objection (filing 148) is overruled.

2. The Magistrate Judge's findings and recommendations (filing 147) are adopted.

3. The plaintiff's motion (filing 132) for leave to file an amended complaint is granted in part and denied in part, and the plaintiff is granted leave to file an amended complaint drafted in accordance with the Magistrate Judge's findings and recommendations as incorporated and adopted by this memorandum and order.

---

[4] The defendants are, however, encouraged to be judicious in making that decision. For example, whether or not prejudgment interest is to be awarded, and as to what amount, seems like an issue that could be addressed later without significant prejudice to the defendants. The defendants are encouraged to contest the amended complaint only if necessary to preserve their own claims or defenses, or where doing so might *significantly* limit the scope of discovery.

4.  The plaintiff's amended complaint shall be filed on or before October 21, 2022.

Dated this 30th day of September, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge